NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LIDIA C. NAVAPEREZ; MALAQUIAS VALDIVIA,

Plaintiffs - Appellees,

v.

NISSAN NORTH AMERICA, INC.,

Defendant - Appellant,

and

DOES, 1 through 10, inclusive,

Defendant.

No. 25-3016

D.C. No.
8:25-cv-00720-DOC-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 30, 2026[**]

Before: GOULD, MENDOZA, JR., and DESAI, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellant Nissan North America, Inc. ("Nissan") appeals the district court's sua sponte order remanding this case to the Superior Court of California. The district court reasoned that, after adjusting for inflation, the amount in controversy requirement "should be around $175,000" because "Congress has not raised the amount in controversy since 1996—nearly three decades ago." It held that Nissan included "speculative" civil penalties and attorneys' fees in the amount in controversy and thus Nissan failed to show that the amount exceeded $75,000.

We have jurisdiction under 28 U.S.C. § 1291.[1] *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 715 (1996). We review de novo the district court's order remanding for lack of subject-matter jurisdiction. *Friedenberg v. Lane Cnty.*, 68 F.4th 1113, 1120 (9th Cir. 2023). We vacate and remand.

A defendant's notice of removal to federal court does not need to "prove" subject matter jurisdiction. *Acad. of Country Music*, 991 F.3d at 1069. Rather, it "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). And the defendant's alleged amount in controversy should be

---

[1]    The district court's purported reason for remand is not based on a "colorable § 1447(c) ground" and thus 28 U.S.C. § 1447(d) does not bar our jurisdiction to review the district court's remand order. *See Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1067–68 (9th Cir. 2021) (holding that § 1447(d) did not bar this court's jurisdiction because "a shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional, at least not until the movant has an opportunity to correct any perceived deficiency in the notice").

accepted unless it is "contested by the plaintiff or questioned by the court." *Id.* at 87. If the amount in controversy is contested or questioned, the district court must provide "a fair opportunity" for the defendant to submit evidence to prove, by a preponderance of the evidence, that the amount in controversy requirement is satisfied. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924–25 (9th Cir. 2019). Failure to do so warrants vacatur of the remand order. *Id.* at 925.

Here, the district court erred by concluding that Nissan did not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Dart Cherokee*, 574 U.S. at 89. Nissan's notice of removal plausibly alleged that the amount in controversy exceeds $75,000—it estimated actual damages to be $36,344.48, and plaintiffs seek civil penalties of up to two times this amount. Nissan also "conservatively" estimated plaintiffs' attorneys' fees to be $15,000. The amount in controversy "encompasses all relief a court may grant on that complaint if the plaintiff is victorious," including "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–16 (9th Cir. 2018) (citation modified); *see also* Cal. Civ. Code § 1794(d) (providing for recovery of a plaintiff's attorneys' fees). Because plaintiffs' claimed civil penalties and attorneys' fees were "at stake in the underlying litigation," the district court erred by excluding them from the amount in controversy calculation. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*,

899 F.3d 785, 793–94 (9th Cir. 2018) (citation modified).

To the extent that the district court questioned a possible award of these civil penalties and attorneys' fees as "speculative," it erred by not providing Nissan "a fair opportunity to submit proof" that the amount in controversy requirement is satisfied. *Arias*, 936 F.3d at 925 (citation modified). We thus vacate the district court's order and remand for further proceedings consistent with this disposition.

**VACATED AND REMANDED.**